**Stephen BRATHWAITE (98–A–0476), Petitioner,**

v.

**George DUNCAN, Superintendent of Great Meadow Correctional Facility, Respondent.**

**Nos. 00–CV–0860 (JBW), 03–MISC–0066 (JBW).**

United States District Court, E.D. New York.

June 10, 2003.

Melinda Chester–Spitzer, Valerie Singleton, New York City, for Respondent.

## JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

Petitioner has had a hearing in this court. He was present by telephone.

The petition for a writ of habeas corpus is denied for the reasons stated orally on the record. This memorandum briefly addresses petitioner's claims.

Petitioner and his uncle were tried for the robbery and assault of a fellow inmate while all were in the holding pens of a state courthouse. Complainant was robbed of a ring and had his face cut, allegedly by a razor blade wielded by petitioner. Petitioner's codefendant claimed that complainant had initiated a fistfight in an attempt to rob him, and that when he tried to defend himself by punching complainant he accidentally cut him with his wristwatch—in a manner similar to a cut he had accidentally given his nephew, the petitioner, several months earlier. During

the course of the trial, it was revealed that complainant had filed a million-dollar civil suit against the city based on the events alleged in the case. After the trial court held a *Sandoval* hearing and ruled that petitioner could be cross-examined about a prior homicide and incident of slashing, petitioner opted not to testify at trial.

Petitioner was convicted of third degree robbery and third degree assault. He was sentenced to a term of 3–1/2 to 7 years in prison. His convictions were affirmed on appeal.

Petitioner now claims (1) that the trial court's *Sandoval* ruling denied him his right to testify in his own defense and to a fair trial; and (2) that his right to a fair trial was denied by the trial court's ruling that he could not approach the jury to show them the scar on his hand that he allegedly received from his uncle's wristwatch some months earlier.

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman,* 261 F.3d 303, 313 (2d Cir.2001) (quoting *Aycox v. Lytle,* 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court ar-

rives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton,* 295 F.3d 270, 278 (2d Cir.2002).

## II. Claims

■ Petitioner first claims that the trial court's *Sandoval* ruling denied him his right to testify in his own defense and to a fair trial. Because petitioner did not testify at trial, this claim is not cognizable on habeas review. *See Luce v. United States,* 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) ("to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify"); *Grace v. Artuz,* 258 F.Supp.2d 162, 171–72 (E.D.N.Y.2003) ("petitioner's claim as to the impropriety of the *Sandoval* ruling does not raise a constitutional issue cognizable on habeas review").

■ Petitioner also claims that his right to a fair trial was denied by the trial court's ruling that he could not approach the jury to show them the scar on his hand that he allegedly received from his uncle's wristwatch some months earlier. Petitioner argues that he should have been afford-

ed the same opportunity to show his scar to the jury that the complainant had to show the scar he allegedly received from petitioner. If he had had the opportunity to do so, he claims, the jury might have been more inclined to accept the defense theory that both scars were the result of an accidental cut from the wristwatch of petitioner's uncle, rather than from a razor.

■ The Appellate Division found this claim to be without merit. That finding is reasonable. For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial. *United States v. Agurs*, 427 U.S. 97, 108, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The evidence of the possible similarity of petitioner's cut to complainant's— which required seven stitches—could have been of only marginal relevance at best. Defense counsel's failure to object when his request to have petitioner approach the jury was rejected, is suggestive of the lack of probative force that such a demonstration would have wielded. Denying petitioner's request to approach the jury was well within the trial court's discretion. Even viewing the trial court's ruling as error, any such error was harmless in light of the overwhelming evidence that complainant was cut with a knife or razor— including complainant's testimony and that of the doctor who treated him.

Petitioner, in short, was not denied a fundamentally fair trial. The Appellate Division's conclusion is neither an unreasonable determination of the facts nor an unreasonable application of clearly established federal law as determined by the Supreme Court.

III. Conclusion

The petition for a writ of habeas corpus is denied.

No certificate of appealability is granted with respect to any of petitioner's claims, petitioner having made no substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.